# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MALIK JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>GILBERT SHANNON,<br>ERIC HOLSEY,<br>MONIQUE ROSCOE,<br>CSO GILBERT, FNU, and<br>JANE and/or JOHN DOE 1-3, in their individual capacities,<br><br>      Defendants. | CIVIL ACTION<br>FILE NO. |

## COMPLAINT

1. Seeking to conduct a probation supervision visit with Malik Johnson, Defendant Probation Officers tried to make contact with Malik Johnson at an address where they knew he no longer lived. When he was—of course—not there, Defendants caused a warrant to be issued for his arrest, without first attempting to even call him or to go to the address where they knew he resided.

2. Malik Johnson was subsequently arrested by DeKalb County Police Department officers, jailed in DeKalb County, and eventually extradited to New York, as a result of Defendants' actions.

3. Malik Johnson was held in custody for 44 days before a judge in New York was presented with facts showing that his detention was improper, which led to his immediate release.

4. Defendants' conduct violates the Fourth, Eighth, and Fourteenth Amendments, and Plaintiff brings this suit, pursuant to 42 U.S.C. § 1983 and the United States Constitution, seeking compensation for wrongs suffered and to deter future misconduct.

## JURISDICTION AND VENUE

5. This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction of federal claims under 28 U.S.C. §§ 1331 and 1343.

6. Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims arose in this district and division.

## PARTIES

7. Plaintiff Malik Johnson is a United States citizen and resident of Georgia.

8. Defendant Community Supervision Officer Gilbert Shannon ("CSO Shannon") is sued in his individual capacity. At all times relevant to the complaint, CSO Shannon acted under the color of law.

9. Defendant Community Supervision Officer Eric Holsey ("CSO Holsey") is sued in his individual capacity. At all times relevant to the complaint, CSO Holsey acted under the color of law.

10. Defendant Community Supervision Officer Monique Roscoe ("CSO Shannon") is sued in her individual capacity. At all times relevant to the complaint, CSO Roscoe acted under the color of law.

11. Defendant Community Supervision Officer CSO Gilbert, full name unknown, ("CSO Gilbert") is sued in his individual capacity. At all times relevant to the complaint, CSO Gilbert acted under the color of law.

12. Defendants Jane and/or John Doe 1–3 are sued in their individual capacities. At all times relevant to the complaint, Jane and/or John Doe 1–3 acted under the color of state law.

## FACTUAL ALLEGATIONS

13. On June 13, 2013, Plaintiff was sentenced to five years probation in New York State as a juvenile.

14. On July 25, 2013, Plaintiff applied for Interstate Compact Transfer via the Interstate Commission for Adult Offender Supervision ("ICAOS"), to relocate from New York to 821 Lake Knoll Drive Apt #821 Lilburn, Georgia in Gwinnett County.

15. On August 20, 2013, Plaintiff's application for Interstate Compact Transfer was accepted by the State of Georgia.

16. For approximately the next two years, Plaintiff reported according to the terms of his probation without incident.

17. Plaintiff, with his family, moved from Gwinnett County to DeKalb County, and the probation department was notified of the change of address.

18. As a result of the change of address, Plaintiff was reassigned from supervision in the Gwinnett Judicial Circuit to supervision in the Stone Mountain Judicial Circuit in DeKalb County.

19. Plaintiff was told to report to the Department of Community Supervision ("DCS") field office at 547 Church Street in Decatur, Georgia.

20. On August 24, 2015, Plaintiff reported as instructed to the DCS office in Decatur and attempted to confirm with Defendants,[1] personally, that he had

---

[1] Where Plaintiff refers to "Defendants" in this Complaint, he refers to the actions of each Defendant acting in concert, and, in the alternative, to each Defendant acting individually.

moved from his previous address in Lilburn, Georgia to Stone Mountain, Georgia in DeKalb County.

21. Plaintiff confirmed with a DCS official that he had moved and provided that official with his new DeKalb County address.

22. Plaintiff waited at the DCS Decatur field office for more than seven hours to speak with Defendants.

23. Plaintiff was never seen by Defendants on that day.

24. Plaintiff was given specific instructions that he was to be seen "in the field" and was not required to report to the DeKalb office unless instructed to do so.

25. Despite never having seen Defendants on that day because Defendants blew off their meeting with Plaintiff, the ICAOS Offender Violation Report completed by Defendants stated that "[t]he defendant [Malik Johnson] was last seen in the office on 8/24/15 and was given his initial intake instructions with rules and regulations for the condition of his probation by CSO Shannon."

26. On August 25, 2015, Plaintiff's mother, Nicole Johnson, communicated with CSO Shannon, and/or other Defendants, via phone call and text message confirming that she and Plaintiff had moved to 1255 To Lani Drive,

Stone Mountain, Georgia 30083. These conversations are confirmed in the ICAOS Violation Report dated October 7, 2015.

27. On September 4 and 11, 2015, Defendants inexplicably made two field visits to Plaintiff's previous address in Lilburn, Georgia in an apparent attempt to conduct a probation supervision visit.

28. Plaintiff was not at his former address in Gwinnett County on those visits because he was at his new address in DeKalb County.

29. Defendants knew that Plaintiff would not be at the address where he no longer lived.

30. Defendants were employees of DCS who were assigned to the Stone Mountain Judicial Circuit, which encompasses DeKalb County but not Gwinnett County.

31. On October 7, 2015, Defendants caused an ICAOS Offender Violation Report to be issued that purported to state that Plaintiff had absconded from justice.

32. Defendants caused the violation report to read as follows:

> On or about 10/08/2015, the probation changes his address from 821 LAKE KNOLL DRIVE 821, Lilburn, GA 30047 to an address unknown to the Department of Probation and failed to promptly notify the Probation

Officer prior to such change. The whereabouts of the probation are unknown.

33. This report is intentionally or recklessly false in a number of respects.

34. This report is intentionally or recklessly false in that Defendants knew Plaintiff's new address was 1255 To Lani Drive, Stone Mountain, Georgia 30083 and that his "whereabouts" were the residence provided.

35. This report is intentionally or recklessly false in that Plaintiff had informed Defendants of his intention to move from Gwinnett to DeKalb County, which triggered his appointment with Defendants in Decatur, who were officials assigned to the Stone Mountain (DeKalb County) Judicial Circuit.

36. This report is intentionally or recklessly false because the date provided is one and a half months after Plaintiff informed Defendants of his change in address.

37. Defendants did not bother to call Plaintiff, despite knowing his contact phone number, despite having called him successfully at that contact number on prior occasions, and despite being required to make attempts to call to locate a probationer under Defendants' supervision before initiating a violation report.

38. Defendants did not bother to call Plaintiff's employer, despite knowing where he was employed and having an obligation to do so pursuant to policy and procedure, reasonable law enforcement conduct, and common sense.

39. Defendants did not bother to call any of Plaintiff's family members, despite knowing their identity and contact information and despite having an obligation to do so pursuant to policy and procedure, reasonable law enforcement conduct, and common sense.

40. Defendants did not bother to go to 1255 To Lani Drive, Stone Mountain, Georgia 30083, the residence where they knew that Plaintiff resided, in order to attempt to make contact with Plaintiff, despite having an obligation to do so according to policy and procedure, reasonable law enforcement conduct, and common sense.

41. On December 7, 2015, as a direct and proximate result of Defendants' actions, the State of New York issued a Violation of Probation warrant for Plaintiff.

42. On April 25, 2017, Plaintiff was pulled over after a DeKalb County Police Department officer ran his tags and noticed the outstanding warrant.

43. Plaintiff was arrested and held in Georgia for approximately two weeks in the DeKalb County jail awaiting extradition to New York.

44. Plaintiff was then transferred to the custody of New York state, denied release on bail, and sentenced to six to eight months in prison.

45. Plaintiff remained in prison for a total forty-five days before his attorney was able to present and establish that Defendants had lied and conducted an unreasonable investigation that resulted in a warrant being improperly issued against Plaintiff.

46. These facts won Plaintiff's release from custody because they demonstrated that he had in fact complied with his probation obligations and that Defendants had failed to comply with their probation obligations imposed by the United States Constitution, policy and procedure, reasonable law enforcement conduct, and common sense.

47. As a result Defendants' actions, Plaintiff suffered a loss of liberty, humiliation, emotional distress, and physical pain and suffering.

48. Defendants' actions were made with malice, conscious indifference, and reckless disregard for the consequences of their actions and for Plaintiff's constitutional rights such that an award of punitive damages is authorized.

49. Each Defendant was responsible for the probation supervision of Plaintiff and was directly involved with his supervision and with the decisions and

investigations that directly and proximately led to Plaintiff being arrested, jailed, and extradited.

## COUNT I
### *Illegal Seizure*
### *under 42 U.S.C. § 1983 and the Fourth, Eighth, and/or Fourteenth Amendments*

50. Plaintiff was arrested pursuant to a warrant despite evidence that unquestionably demonstrated Plaintiff's actual innocence and full compliance with the terms of his probation.

51. Defendants provided intentionally or recklessly false information in support of that warrant.

52. Defendants failed to provide material information known to them showing that Plaintiff was compliant with his probation supervision.

53. Excluding the intentionally or recklessly false information provided by Defendants, there was nothing approaching probable cause for Plaintiff's arrest.

54. Including Defendants' material omissions, there was nothing approaching probable cause for Plaintiff's arrest.

55. Defendants failed to conduct a reasonable investigation prior to causing a warrant to issue for Plaintiff's arrest by, among other deficiencies, failing to contact Plaintiff with his known contact phone number; failing to go to Plaintiff's known arrest in DeKalb where he lived; failing to contact Plaintiff's

employer; failing to contact Plaintiff's family; and failing to meet with Plaintiff as scheduled in the DCS office, as they were required to do.

56. Each of these failures was a violation of DCS policy as well as a violation of reasonable official conduct and common sense.

57. Defendants knew that their false and reckless reports would result in Plaintiff's arrest and incarceration.

58. Defendants acted with deliberate indifference to Plaintiff's rights by ignoring their knowledge that he was not required to report in person, that his address was known, that his contact information was known, and that he had not absconded.

59. Defendants' actions in causing Plaintiff to be arrested for a probation violation when he had complied with all of his probation obligations further no government interest and shock the conscience.

60. Defendants' actions amount to the denial of due process because, as shown herein, Plaintiff was not afforded adequate process by state officials pre- or post-deprivation, and because Defendants' actions shocked the conscience and furthered no governmental interest.

61. The actions of each Defendant were the proximate cause of Plaintiff's arrest and detention.

62. Prior to his arrest, Plaintiff had not committed any offense or violated any term of his probation that would authorize his arrest.

63. Defendants did not know any information that could support a reasonable belief that probable cause existed to arrest Plaintiff for any offense.

64. Defendants knowingly and willfully acted in the complete absence of probable cause and with malice in causing Plaintiff to be arrested and prosecuted for a probation violation.

65. Plaintiff's seizure and prosecution terminated in his favor when a judge in New York found that he had not violated his probation and that Plaintiff's treatment "smells like a civil lawsuit to me."

66. Plaintiff suffered significant damages as a result, including monetary and emotional losses and the loss of liberty.

67. Under the facts and circumstances alleged herein, objectively reasonable law enforcement officers would have known that causing a citizen to be arrested under these circumstances violated the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

## COUNT II
*Punitive Damages under 42 U.S.C. § 1983*

68. Defendants acted with conscious indifference, reckless disregard for the consequences of his actions, an intent to injure, and malice such that an award of punitive damages is authorized under federal and Georgia law.

### Request for Relief

WHEREFORE, Plaintiff requests this Court:

a) Hold a trial by jury on all issues so triable;

b) Award nominal, compensatory, special, and punitive damages to Plaintiff against Defendants in an amount to be proven at trial;

c) Award Plaintiff attorneys' fees under 42 U.S.C. § 1988;

d) Tax all costs of this action against Defendants; and

e) Award any additional or alternative legal or equitable relief that is just and appropriate.

Respectfully submitted, this 8th day of February, 2019.

*/s/Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002
MITCHELL & SHAPIRO LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
Phone: 404-812-4747
Fax: 404-812-4740
zack@mitchellshapiro.com